IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL JONES, | |
|       **Plaintiff,** | |
| v. | Case No. 24-CV-113-RAW-JAR |
| REDBIRD, | |
|       **Defendant,** | |

## OPINION AND ORDER

This civil rights action, brought pursuant to 42 U.S.C. § 1983, is before the court on Defendant Cherokee Health Center's[1] ("Defendant") Motion to Dismiss ("Motion"). Dkt. No. 12. The court has before it for consideration Plaintiff Paul Jones' ("Plaintiff") Complaint [Dkt. No. 1] and Defendant's Motion [Dkt. No. 12]. Plaintiff did not respond to Defendant's Motion. After careful review, the court finds the Motion should be **granted**.

### I. Background

Plaintiff was a pro se pretrial detainee[2] being held at the Sequoyah County Jail ("SCJ") at the time he initiated this suit. *See* Dkt. No. 1 at 2. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations he endured at Sequoyah County Jail. Plaintiff alleges "Redbird Medical" deprived him of his medication. *Id.* at 2-3. Defendant responded to Plaintiff's Complaint asserting lack of subject matter jurisdiction pursuant

---

[1] Plaintiff named "Redbird" and "Redbird Medical" as the Defendant. Dkt. No. 1 at 1, 2. Defendant contends the Complaint lists the address of Redbird Smith Health Center. Dkt. No. 12 at n.1. Redbird is a medical center owned and operated by the Cherokee Nation. *See infra* n. 3.

[2] Consistent with Supreme Court and Tenth Circuit precedent, the Court will construe Plaintiff's pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

to Fed. R. Civ. P. 12(b)(1), asserting sovereign immunity, and, alternatively, failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 12.

## II. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "generally take[s] one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). When jurisdiction is challenged through a facial attack, the court considers the allegations in the complaint to be true. *Id.* Here, the court need only consider the allegations in the Complaint in deciding the instant motion.

## III. Analysis

Defendant contends Redbird Smith Health Center is a medical center in Sallisaw, Oklahoma that is owned and operated by the Cherokee Nation (the "Cherokee Health Center"). Dkt. No. 12 at 1.[3] Defendant asserts because it is a tribal agency, it is entitled to sovereign immunity. *Id.* at 3.

"Indian tribes are neither states, nor part of the federal government, nor subdivisions of either. Rather, they are sovereign political entities possessed of sovereign authority not derived from the United States, which they predate." *Nanomantube v. Kickapoo Tribe in Kan.*, 631 F.3d 1150, 1151-52 (10th Cir. 2011) (citation omitted). Tribes are not subject to suit "unless the tribe's sovereign immunity has been either abrogated by Congress or waived by the tribe." *Id.* at 1152 (citation omitted). In either case, "[a] waiver of tribal sovereign immunity 'cannot be implied but

---

[3] The court takes judicial notice of this fact as it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

must be unequivocally expressed.'" *Alabama-Quassarte Tribal Town v. United States*, 899 F.3d 1121, 1124 (10th Cir. 2018) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, (1978)).

A tribe's sovereign immunity extends to tribal agencies. *See, e.g.*, *E.F.W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1303-04 (10th Cir. 2001) (recognizing that tribal social services agency enjoyed tribal sovereign immunity); *Ford v. Light Horse Police Dep't*, 2023 WL 4229029, at *3 (E.D. Okla. June 9, 2023), *report and recommendation adopted* 2023 WL 4205762 (E.D. Okla. Jun. 27, 2023) (holding because tribal police force was an agency of the Chickasaw Nation, "it is entitled to the same immunity afforded the Tribe") *see also Mestek v. LAC Courte Oreilles Cmty. Health Ctr.*, 72 F.4th 255, 261 (7th Cir. 2023) (affirming dismissal of claim against tribal health center "based on tribal sovereign immunity since this claim is tantamount to suing the Tribe itself"); *Barron v. Alaska Native Tribal Health Consortium*, 373 F. Supp. 3d 1232, 1239-40 (D. Alaska 2019) (concluding that tribal health consortium was an arm of Alaska's tribes and had sovereign immunity). Further, Plaintiff has not identified any congressional basis for subject matter jurisdiction, and the court is unaware of any such statute. Finally, there is no indication that sovereign immunity has been unequivocally waived.

Therefore, Defendant is entitled to sovereign immunity rendering this court without subject matter jurisdiction. *See Wilson v. Cherokee Nation,* No. 20-CV-120-RAW, 2020 WL 13582530, at *1 (E.D. Okla. Sep. 16, 2020) (observing "the Cherokee Nation maintains sovereign immunity"); *see also Nero v. Cherokee Nation of Oklahoma,* 892 F.2d 1457 (10th Cir. 1989) (District court dismissed suit against Cherokee Nation as barred by sovereign immunity and Tenth Circuit affirmed); *Haas v. Cherokee Nation Tribe Chief,* No. 23-CV-090-CVE, 2023 WL 2518317, at *1 (N.D. Okla. Mar. 14, 2023) (dismissing suit against Cherokee Nation as barred by sovereign

immunity). This action must be dismissed. Further, based on the court's finding of sovereign immunity, it is unnecessary to address Defendant's failure to state a claim argument.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Dkt. No. 12] is **GRANTED. IT IS HEREBY ORDERED** that:

1. Plaintiff's § 1983 claim against Defendant Redbud Medical is **DISMISSED** without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); and

2. A separate judgment of dismissal shall be entered in favor of Defendant and against Plaintiff.

**Dated** this 28th day of March, 2025.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**